**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JESUS CHRIST  and MICHAEL STORMS, <br> *Plaintiffs, Pro Se* <br><br> -**Against-** <br><br> DAVID M. CARCIERI, in his official capacity as President and CEO of Greater Somerset County YMCA; <br><br> GREATER SOMERSET COUNTY YMCA; and <br><br> YMCA of the USA <br> *Defendants* | Civil No. _____ <br><br> **COMPLAINT** <br><br> **PERMANENT INJUNCTIVE RELIEF REQUESTED** <br><br> **JURY TRIAL: DEMANDED** |

**Plaintiffs:**
Jesus Christ

Michael Storms
8 Stacy Lane
Basking Ridge, NJ 07920

**Defendant:**
DAVID M. CARCIERI
Greater Somerset County YMCA
140 Mount Airy Road
Basking Ridge, NJ 07920

YMCA of the USA
101 N Wacker Drive
Chicago, IL 60606

**Summary**
The YMCA used a discriminatory DEI program to usurp a volunteer's faith that Jesus Christ alone can forgive sins.  Since Jesus Christ started his ministry 1,997 years ago, intermittently selfish elites have devalued Jesus Christ and the Holy Spirit who together permits each of us a direct relationship with our Creator.  Without faith in the Holy Spirit we are left to live in a state of unlovable desolation and easily subjugated by a succession of exploitative rent seeking secular elites.

**Basis for Jurisdiction:**

Federal Questions raised under the First and Fourteenth Amendments to the United States Constitution grant this Court original jurisdiction under 28 U.S.C. §§ 1331.  Furthermore, this Court has original jurisdiction under 28 U.S.C. §§ 1343 to recover damages for injury and to redress the deprivation of rights.  And, this Court has original jurisdiction under 42 U.S.C. § 1983; due to deprivation of civil rights.  Lastly, This Court has supplemental jurisdiction over Plaintiff's related claim arising under State law pursuant to 28 U.S.C. § 1367(a).

Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District and the Defendants are located in this District

This Court has authority to award the requested declaratory relief under 28 U.S.C. §§ 2201-02 and Federal Rule of Civil Procedure 57; the requested injunctive relief under 28 U.S.C. § 1343 and Federal Rule of Civil Procedure 65; and costs and fees under 42 U.S.C. § 1988.

**Statement of Claim:**

1. The YMCA is a nonprofit organization whose mission is to put Christian principles into practice through programs that build healthy spirit, mind and body for all.  Each year the YMCA of the USA receives over $600MM in government grants which is distributed to the Nation's 2,650 local YMCA's.

2. Michael Storms has maintained a paid membership for approximately 20 years with the Somerset Hills YMCA, which was later incorporated into the Greater Somerset County YMCA.  He never received charitable benefits from the Defendants. He participated in many volunteer activities, including as a Swim official and as an Adventure Guide leader for many years. He was invited to serve as a board member of his local Somerset Hills YMCA in approximately March 2023 and attended regular meetings thereafter.

3. On December 21, 2023, Plaintiff receives an e-mail from Margret Butler, stating: "I am reaching out to you on behalf of David M. Carcieri, President and CEO of Greater Somerset County YMCA (GSCYMCA) in regards to completing the required background checks, documents and/or trainings. These onboarding requirements are policy set by the Board of Directors.  To date, our records indicate you have not completed "**Understanding My Biases**." PLEASE COMPLETE by DECEMBER 31, 2023!"

4. The proselytizing class is titled**: ADVANCING EQUITY: UNDERSTANDING MY BIASES** (Online - approximately 30 minutes) This course will introduce participants to the concept of bias and explore the positive and negative impact of bias in everyday situations. Understanding our own biases allows us to create a welcoming and inclusive environment at our Ys. This course offers a framework for countering biases and invites you to explore your role in strengthening the foundations of community through a deeper understanding of your own beliefs. Training Cost: $10.00

5. January 22, 2024, Plaintiff Storms replies to Margret Butler.  "Good afternoon Margret hope all is well.  **I'm not in compliance with this requirement as it violates my deeply held religious belief that only Jesus Christ can forgive my sins.**  I am asking that this DEI requirement be removed immediately due to its violation of anti-discrimination laws. Kate Russo [District VP of Operations] was made aware of this last year and I'm surprised that the Greater Somerset County YMCA still has persisted in maintaining this discriminatory Anti-Christian requirement part of our policy."

6. Within hours, David M. Carcieri, President and CEO of Greater Somerset County YMCA replies. "The Y is dedicated to helping all people grow in spirit, mind and body. Small day to day actions can create a more diverse, inclusive and welcoming environment.  Understanding and adjusting for **implicit bias** is one of those actions. For this purpose, the Board of Directors adopted the policy that all board members and

fulltime staff complete the Understanding My Biases training.  Objectives for the training include: 1) Understanding the concept of implicit bias; 2) Reflecting on instances that you exhibit implicit bias; and 3) Identifying areas of the YMCA that may be impacted by implicit bias.  Since you feel these objectives don't align with your beliefs, then apparently this isn't the right fit."

7. The next day, January 23, 2024, CARCIERI sent a follow up email indicating "All new board members should complete the Y-USA Understanding My Biases Training within 90 days of their appointment to their first term on the Board of Directors or a Branch Board. Standing board members, who have not completed the training program, should complete the training within the next 90 days. This was a motion approved by the [Greater Somerset County] Board of Directors on June 9, 2021."

8. Soon after on January 24, 2024, Kate Russo District VP Operation retaliates in an email stating: "We appreciate your expressed interest in serving as a Board Member for Somerset Hills YMCA. Currently, in order to align with the standards set by the Greater Somerset County Young Men's Christian Association Board of Directors, completion of the required trainings is essential. Unfortunately, as this step has not been fulfilled, we are regrettably unable to extend an invitation to the Somerset Hills YMCA Branch Board meetings at this time.  However, we value your enthusiasm and commitment, and should you complete the necessary trainings and still maintain an interest in joining the Branch Board, we eagerly anticipate hearing from you. Your dedication to fulfilling these requirements is highly appreciated, and we look forward to the possibility of your future involvement."

9. Jesus Christ founded the Christian religion and also helped inspire the name of the Young Men's Christian Association. Within Christianity blasphemy against the Holy Spirit is an unforgivable sin or ultimate sin as it separates us from our connection to God.  It is a binary choice; and specified in several passages of the Synoptic Gospels. Without faith in

the Holy Spirit we are left to live in a state of unlovable desolation and easily subjugated by a succession of exploitative rent seeking secular elites.

10. Matthew 12:30–32: "Whoever is not with me is against me, and whoever does not gather with me scatters. Therefore I tell you, people will be forgiven for every sin and blasphemy, but blasphemy against the Spirit will not be forgiven. Whoever speaks a word against the Son of Man will be forgiven, but whoever speaks against the Holy Spirit will not be forgiven, either in this age or in the age to come."

11. Mark 3:28–30:"Truly I tell you, people will be forgiven for their sins and whatever blasphemies they utter; but whoever blasphemes against the Holy Spirit can never have forgiveness, but is guilty of an eternal sin—for they had said, "He has an unclean spirit.""

12. Luke 12:8–10: "And I tell you, everyone who acknowledges me before others, the Son of Man also will acknowledge before the angels of God; but whoever denies me before others will be denied before the angels of God. And everyone who speaks a word against the Son of Man will be forgiven; but whoever blasphemes against the Holy Spirit will not be forgiven."

**FIRST CAUSE OF ACTION –Free Exercise Clause of the First Amendment;**

13. Plaintiff incorporates by reference all preceding paragraphs.

14. The people who settled the Colonies and established the United States recognized that a government-imposed State religion was contrary to free religious thought. The 1st Amendment that was eventually ratified provides not only for religious freedom, but freedom from government-imposed state religion. Following the establishment of the Church of England which persecuted and killed by use of government force other religions, especially Roman Catholics and Jews, who had the courage to not recognize Henry the VIII selfish reasons for creating the Anglican Church. One of the fundamental main reasons that people fled from Europe and settled in the Colonies was to flee this government percussion.  Later, other European Civil religions such Marxism and Nazism

were equally and excessively entangled with its narcissistic leadership, which in turn resulted in the persecution and migration of many more millions. The Free Exercise Clause requires that government policies be "neutral" toward religious exercise. In Meriwether v. Hartop, 992 F.3d 492, 512 (6th Cir. 2021), the Sixth Circuit held that "laws that burden religious exercise are presumptively unconstitutional unless they are both neutral and generally applicable."

15. The Free Exercise Clause requires that government policies be "neutral" toward religious exercise. In Meriwether v. Hartop, 992 F.3d 492, 512 (6th Cir. 2021), the Sixth Circuit held that "laws that burden religious exercise are presumptively unconstitutional unless they are both neutral and generally applicable."

16. "A government policy will not qualify as neutral if it is specifically directed at religious practice"—detectable if the policy "discriminates on its face, or if a religious exercise is otherwise its object." Kennedy, 142 S. Ct. at 2422.

17. The Free Exercise Clause of the First Amendment protects an individual's "right to believe and profess whatever religious doctrine one desires." Emp. Div., Dep't. of Hum. Res. of Oregon v. Smith, 494 U.S. 872, 877 (1990).

18. "A plaintiff may also prove a free exercise violation by showing that 'official expressions of hostility' to religion accompany laws or policies burdening religious exercise; in cases like that [the Supreme Court] ha[s] 'set aside' such policies without Case 8:23-cv-01380-DLB Document 36 Filed 07/06/23 Page 33 of 50 33 further inquiry." Id. at 2422 n.1 (citing Masterpiece Cakeshop, Ltd. V. Colorado C.R. Comm'n, 138 S. Ct. 1719, 1732 (2018)).

19. A general working definition of religion for Free Exercise purposes is any set of beliefs addressing matters of "ultimate concern" occupying a " 'place parallel to that filled by ... God' in traditionally religious persons." See Welsh v. United States, 398 U.S. 333, 340, 90 S.Ct. 1792, 1796, 26 L.Ed.2d 308 (1970).

20. The actions of the Defendant also fail all three tests of the previous litmus standard set out in Lemon v. Kurtzman. As there was never a legitimate, secular law requiring the training; 2. The primary effect of the activity, ie tithe $10 to a DEI ministry in order to be proselytized too and sin shamed for 30 mins, directly opposes and specifically hinders the plaintiffs deeply held religious belief that only Jesus Christ thru the power of the Holy Spirit can forgive sins. The Defendants ultimately forced the plaintiff into a binary decision to adore their chosen religion or keep his existing faith; the Plaintiff chose Jesus and was immediately retaliated against as result; which in turn shows how deeply committed the Defendants are to their preferred religious orthodoxy and their intolerants 3. Lastly, the DEI activity foster massive excessive entanglement between the Defendants as recipients of $600MM in government grants, and the religious proselytizing of anti-Christian rhetoric (i.e. permanent sin without hope any of redemption); AND, this by itself is both deeply disturbing and potentially fraudulent given the Defendants are self-proclaimed Christian fundraising organizations.

**SECOND CAUSE OF ACTION – Free Speech Clause of the First Amendment;**

21. Plaintiff incorporates by reference all preceding paragraphs.

22. The Defendants policies and actions encourage religious viewpoint discrimination and thereby violate the First Amendment's Free Speech Clause.

23. No matter the "forum" in which speech occurs, viewpoint discrimination is always prohibited. Rosenberger v. Rector & Visitors of Univ. of Va..

**THIRD CAUSE OF ACTION – Due Process Clause of the 14th Amendment;**

24. Plaintiff incorporates by reference all preceding paragraphs.

25. There is no compelling state interest in enforcing a DEI Civil State Religion.

26. Plaintiffs suffer irreparable injury to their constitutional rights because of Defendants' actions.

**FOURTH CAUSE OF ACTION – Title VI of the Civil Rights Act of 1964**

27. Plaintiffs incorporate by reference all preceding paragraphs.

28. Title VI Statute, 42 U.S.C §§ 2000d - 2000d-7, No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.  (Pub. L. 88–352, title VI, §601, July 2, 1964, 78 Stat. 252.)

29. Executive Order 12250 Coordination of Grant-Related Civil Rights Statutes In 1980, President Carter signed Executive Order 12250, which provided for the consistent and effective implementation of various laws prohibiting discriminatory practices on the basis of race, color, national origin, sex, disability, or religion in programs and activities receiving federal financial assistance.

## FIFTH CAUSE OF ACTION – – Title VII of the Civil Rights Act of 1964

30. Plaintiffs incorporate by reference all preceding paragraphs.

31. SEC. 2000e-2. [Section 703] d) Training programs It shall be an unlawful employment practice for any employer, labor organization, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs to discriminate against any individual because of his race, color, religion, sex, or national origin in admission to, or employment in, any program established to provide apprenticeship or other training.

## SIXTH CAUSE OF ACTION – New Jersey Civil Rights Act

32. Plaintiffs incorporate by reference all preceding paragraphs.

33.  New Jersey Civil Rights Act (N.J.S.A. § 10:1-3 et seq.) Exclusions based on race, creed, color, national origin, ancestry, marital status, or sex unlawful

## PRAYER FOR RELIEF

Plaintiffs respectfully request that the Court grant the following relief:

A. Enter a declaration Defendants violated plaintiffs rights under Free Exercise Clause of the First Amendment;

B. Enter a declaration Defendants violated plaintiffs Free Speech Clause of the First Amendment;

C. Enter a declaration Defendants violated plaintiffs rights under the Due Process Clause of the Fourteenth Amendment;

D. Enter a declaration Defendant violated plaintiffs rights under Title VI of the Civil Rights Act of 1964;

E. Enter a declaration Defendants violated plaintiffs rights under Title VII of the Civil Rights Act of 1964;

F. Enter a declaration Defendants violated plaintiffs rights under New Jersey Civil Rights Act;

G. Enter preliminary and permanent injunctions restoring Plaintiffs rightful positons within the Defendants organization;

H. Award nominal damages to Plaintiffs;

I. Award actual damages to Plaintiffs;

J. Award fees and costs to Plaintiffs; and

K. Award such other relief as the Court may deem just and proper.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this day of, Feb 12th 2024.



_____

Jesus Christ, *Pro Se*
Right Hand of God the Father

_____

Michael Storms, *Pro Se*
8 Stacy Lane
Basking Ridge, NJ, 07920
Mstorms2019@gmail.com
908-458-6163

Note: Federal Rules of Civil Procedure, as amended to December 1, 202; Rule 11. (a) Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.